[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action against the defendants to recover monies allegedly due and owing for work done. At trial the parties stipulated that the sum due, if found to be due and owing, was $30,437.90. The issues presented to the court at trial were: 1) Whether the amount stipulated was due and owing to the plaintiff; and 2) Whether the debt, if found to be due and owing was a debt owed by the corporation, to wit: Universal Products, Inc., or whether the debt was owed by the defendants John McKinney and Donna McKinney individually.
After hearing testimony from the plaintiff's witness, Barbara Kolcun, and after reviewing plaintiffs Exhibits A through D and I through O and defendants Exhibits 1 through 5, 7 and 8 admitted at trial, this court finds that the contract was substantially performed by the plaintiff, and that the sum of $30,437.90 is found to be due and owing to the plaintiff.
In order to assess personal liability upon the defendants, this court must be convinced by a preponderance of the evidence that the defendants were acting in an individual capacity rather than as representatives of the corporation when they incurred the debt found. At trial the plaintiff produced various documentary evidence addressing the defendants both on an individual basis, as well as on a corporate basis, to wit: plaintiff's Exhibits A through D and I through O. The plaintiff further attempted to convince this court that, as the defendants' Company, Universal Products, Inc. was a Foreign Corporation not properly authorized to do business in the State of Connecticut at the time it incurred the debt, the defendants ought, therefore, to be found individually liable for it.
In support of its position, plaintiff cites Conn. Gen. Stat. Section 33-396 (a) and a Tennessee case decided in 1916, to wit: Cunningham v. Shelby, et al; 186 Southwestern Reporter 1147 (1916). In order for Cunningham to be used by this court as a basis for deciding in favor of the plaintiff's position, plaintiff must establish that the Tennessee Corporation statutes were, at the time of the Tennessee Court's decision, substantially the same as the Connecticut Corporation statutes and further that this court should follow it for its precedent setting value.
This court finds that the plaintiff has failed to show any substantive similarity between the then Tennessee Corporate Statutes and the Connecticut Corporation Statutes, and is, therefore, not persuaded to follow Cunningham. This court further finds that there is no CT Page 2632 Connecticut case law in support of plaintiff's attempted use of Conn. Gen. Stat. Section 33-396 (a) that would persuade this court to adopt plaintiff's assertions regardless of whether the court was to find that Universal Products, Inc. was a Foreign Corporation. The plaintiff goes beyond the scope of the statute in trying to create individual liability for persons attempting to transact business in Connecticut as a Foreign Corporation not so authorized to by the Connecticut Secretary of State and the Connecticut Statute does not create personal liability upon officers and/or directors. Had the Connecticut Legislature intended such as a result it could have easily done so legislatively.
The court finds, through defendant's Exhibit 7, that Universal Products, Inc. was a Foreign Corporation. The court further finds that in plaintiff's Exhibits A through D and I through O and defendant's Exhibit 1 through 5, and 7 and 8, there is contained therein variations of the name of the Foreign Corporation, Universal Products, Inc. sufficient to put the plaintiff on notice that the defendants were acting in a corporate capacity. The court further finds that the testimony of the plaintiff's witness is not persuasive in establishing that the plaintiff did business with the defendants on an individual basis, rather than on a corporate basis. This court therefore concludes that the plaintiff failed to sustain its burden of proof in establishing the individual liability on the part of the defendants, John McKinney and Donna McKinney.
Accordingly, judgment may enter in favor of the defendants John McKinney and Donna McKinney.
It is so ordered.
ARENA, J.
Judgment may enter in accordance with the foregoing Memorandum of Decision
Clerk